IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOHN BRODESSER** <br> on behalf of himself and all other <br> Plaintiffs similarly situated known and unknown, <br><br> Plaintiff, <br> v. <br><br> **XILIN ASSOCIATION**, an Illinois Non-profit organization, **WES SON**, individually, and **LINDA YANG**, individually, <br><br> Defendants. | Case No. 18-cv-3613 <br><br> Judge <br><br> Jury Demand |

## COMPLAINT

Plaintiff, JOHN BRODESSER ("Brodesser", "Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated known and unknown, through his attorneys, for his Complaint against XILIN ASSOCIATION, an Illinois Non-Profit Organization, WES SON, Individually, and LINDA YANG, Individually, ("Defendants"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., for Defendants' failure to pay the minimum wages to Plaintiff. Plaintiff further alleges that Defendants' failure to pay the regular wages is willful and intentional. Plaintiff's Consent Forms to be Representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

## THE PARTIES

2. Plaintiff is at all times relevant hereto employee of Defendants.

3. Plaintiff is at all times relevant hereto individual employed in the State of Illinois by Defendants.

4. Plaintiff is at all times relevant hereto resided in the State of Illinois.

5. Plaintiff is at all times relevant hereto non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiff is filing this FLSA claim as an individual action for himself and all other similarly situated, known and unknown.

7. For the period commencing on or about May 7, 2014, until January 16, 2018, Plaintiff John Brodesser regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants about 17.50 hours per week.

8. Plaintiff submitted his timesheets every month. And Defendants paid him mostly on monthly basis.

9. But Defendants never paid Brodesser all of the hours that he submitted. Defendants always paid him less than the actual hours plaintiff worked. For example, when he submitted 72 hours for a whole month, he was only paid 69 hours or less.

10. Brodesser complained to his manager Wes Son many times about this unpaid hours he worked but Wes Son repeatedly provided excuses and run arounds.

11. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff all the hours plaintiff worked.

12. Plaintiff Brodesser regularly worked about 3 ½ (three and a half) hours a day and about 17 ½ (seventeen and a half) hours per week and he was never paid the proper amount of his overtime wage.

13. Occasionally, when there was a field trip, paPlaintiff performed manual labor for Defendants.

14. Plaintiff was assigned to the said manual labor by Defendants.

15. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

16. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

17. Plaintiff was required to report to work for Defendants at a certain time.

18. Plaintiff could not set his own hours of work for Defendants.

19. Defendants, Wes Son ("Son") and Linda Yang ("Yang") are and were at all relevant times hereto engaged in the business of Adult Day Care Service.

20. Defendants, Son and Yang are and were at all relevant times hereto engaged in the interstate commerce.

21. Defendants, Son and Yang managed, supervised, established and administered the terms and conditions of Plaintiff' employment.

22. Defendants Son and Yang participated in and approved of the unlawful pay practices of the business Xilin Asian Community Center at Naperville and Arlington Heights, IL.

23. Defendants Son and Yang were involved in assigning work to Plaintiff.

24. Defendants Son and Yang had the power and authority to discipline Plaintiff.

25. Defendants Son and Yang exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

26. Defendants Son and Yang hired Plaintiff.

27. Defendants Son and Yang were in charge of paying employees.

28. Defendants Son and Yang told Plaintiff where to work and when to work.

29. Defendants employed Plaintiff to do work for them in the State of Illinois.

30. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

31. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

32. Defendants held Plaintiff out as an employee.

33. Defendants employed and paid Plaintiff as their employee.

34. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

35. Defendants' failure to properly pay Plaintiff for his minimum wage was intentional and willful.

36. Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

37. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

38. No exemption from minimum wage applies or applied to Plaintiff Brodesser when he worked or works for Defendants.

39. Defendant Xilin Association is an Illinois corporation, non-profit organization

4

doing business as Xilin Asian Community Center and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

40. Defendant Son is a citizen and resident of Cook County and is the supervisor of Defendant Xilin Association.

41. Defendant Yang is a citizen and is the President of Defendant Xilin Association.

## JURISDICTION AND VENUE

42. This Court has jurisdiction over Plaintiff' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C § 1367.

## STATUTORY CONSENT

43. The Plaintiff brings this case as a collective action under the FLSA on behalf of himself and the Putative Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action attached as "Exhibit A".

## GENERAL ALLEGATION

44. Defendant Xilin Association runs Xilin Asian Community Center in Naperville and Arlington Heights, Illinois. The center provides services to senior citizens such as adult day service, lunch, and activities. The center also provides the shuttle service between the center and its customers' home.

45. Defendants hired Plaintiff Brodesser on about May 7, 2014.

46. Plaintiff Brodesser started his work at 6:00 a.m. and ended at 9:30 a.m. Usually, he worked about 3.5 hours per day and about 17.5 hours per week.

47. During the course of his employment, Plaintiff Brodesser shuttled clients from their home to the center in the morning.

48. His hourly rate was $12.00 at the beginning and later his hourly rate was raised little by little, when he was terminated by Xilin, his hourly rate was $13.10.

49. Brodesser submitted his timesheet monthly basis, and his monthly worked hours was about 70 hours.

50. Defendants did not pay Brodesser all hours he worked in his timesheet; they always paid him less than the hours of the timesheet.

## COUNT I
### Collective Action under § 216(b) of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

51. Plaintiff Brodesser hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

52. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

53. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

54. During the applicable statute of limitations, Defendants have failed to pay Plaintiff Brodesser and members of the FLSA Collective the federally mandated minimum wage for all hours worked.

55. Plaintiff Brodesser was never paid for all hours he worked.

56. Plaintiff Brodesser and the FLSA Collective do not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

57. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Plaintiff Brodesser, on behalf of himself and the FLSA Collective, seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

59. Plaintiff Brodesser, on behalf of himself and the FLSA Collective, seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Violation of the Illinois Minimum Wage Law - Minimum Wages

60. All allegations of the Complaint are expressly incorporated herein and Plaintiff Brodesser repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

61. This Court has supplemental jurisdiction over the matters alleged herein

pursuant to 28 U.S.C. §1367.

62. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

63. At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff were "employees" within the meaning of that Act.

64. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

65. Defendants did not compensate Plaintiff Brodesser minimum wages for all hours worked.

66. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff Brodesser's minimum wages for all hours worked.

67. Pursuant to 820 ILCS 105112(a), Plaintiff Brodesser is entitled to recover his unpaid wages, plus punitive damages in the amount of two percent (2%) per month of a number of underpayments.

### COUNT III
### Violation of the Illinois Wage Illinois Wage Payment and Collection Act
### Failure to Pay Claims

68. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

69. The Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq., requires that "every employer shall be required, at least semimonthly, to pay every employee all wages earned during the semi-monthly pay period" and pay "final

8

compensation" at the time of separation, if possible, or if not, by the next regularly scheduled payday for the employee.

70. During the applicable statute of limitations, by the course of conduct set forth above, Defendants have failed to pay Plaintiff all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

71. Because Defendants failed to properly pay wages due as required by law, Plaintiff is entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq. to recover all wages due, two percent interest per month on all wages due until fully paid, costs, and reasonable attorneys.

WHEREFORE, on behalf of himself, the plaintiff prays for judgment in their favor and against the defendants, and each of them, and for the following relief:

i. damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the defendants' use as described above;

ii. statutory penalties as allowed by the IWPCA;

iii. interest on all amounts awarded;

iv. attorneys' fees, together with costs of suit and collection; and such further relief as may be fair and just in the premises

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: May 22, 2018

9

        /s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff